884 P.2d 198

**Jim FIELDS and Dwight Hartwick, general partners of Fields Hartwick Architects, an Arizona general partnership, Plaintiffs/Appellees,**

v.

**CAPITOL INDEMNITY CORPORATION, a Wisconsin corporation, Defendant/Appellant.**

No. 2 CA–CV 94–0069.

Court of Appeals of Arizona, Division 2, Department A.

March 15, 1994.

Reconsideration Denied April 26, 1994.

Redesignated as Opinion and Publication Ordered April 26, 1994.

Review Denied Nov. 1, 1994.

Kevin John Witasick & Associates by Kevin John Witasick, Phoenix, for plaintiffs/appellees.

Jennings & Haug by William F. Haug and James L. Csontos, Phoenix, for defendant/appellant.

OPINION

LACAGNINA, Judge.

Capitol Indemnity Corporation appeals from a judgment in which the trial

court found that Jim Fields and Dwight Hartwick, general partners of Fields Hartwick Architects, were proper claimants under Capitol's residential contractor's license bond. Because we agree with Capitol that a residential contractor's license bond issued pursuant to A.R.S. § 32–1152(E) "for the benefit of and subject to claims by any person furnishing labor, materials or construction equipment" does not include professional services, we reverse.

Fields Hartwick Architects is an Arizona general partnership in the business of providing architectural services. New West Homes was a residential contractor to whom Capitol issued a contractor's license bond. Fields Hartwick furnished architectural and structural engineering services to New West totaling $14,577.22 which New West failed to pay. Fields Hartwick's claim under the license bond was for these unpaid architectural and structural engineering services.

Capitol's indemnity under the license bond is limited by the terms of A.R.S. § 32–1152, which permit claims for "labor, materials, or construction equipment." The definition of labor or materials has never included professional services. *Hulsey v. La Mance*, 73 Ariz. 430, 434, 242 P.2d 554, 556 (1952); *Waara v. Golden Turkey Mining Co.*, 60 Ariz. 252, 135 P.2d 149 (1943). Prior to the 1987 legislative amendment expanding mechanics' lien protection to include those who furnish professional services, A.R.S. § 33–981, the coverage offered under the pre–1987 lien laws were equivalent to the coverage offered under the license bond statute. *Arizona Gunite Builders, Inc. v. Continental Casualty Co.*, 105 Ariz. 99, 102, 459 P.2d 724, 727 (1969). Interpreting statutes requires us to ascertain and follow the intent of the legislature. *Leeson v. Bartol*, 55 Ariz. 160, 168, 99 P.2d 485, 489 (1940). When the legislature expressly includes an item for coverage in one section of a statute but not in another, the legislature intends to exclude from coverage those items not mentioned. *Maricopa Turf, Inc. v. Sunmaster, Inc.*, 173 Ariz. 357, 362, 842 P.2d 1370, 1375 (App. 1992). Construing these two statutes together, it is clear the legislature intended to limit

the protection afforded under a license bond to those providing labor, materials and rental equipment while allowing providers of professional services the limited protection of recording a mechanics' lien.

Reversed. Capitol is awarded its attorneys' fees on appeal upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

JOSEPH M. LIVERMORE, P.J., and FERNANDEZ, J., concur.