952 P.2d 309

**Anthony James MERRICK, Plaintiff/Appellant,**

v.

**Samuel LEWIS, Charles Ryan, George Herman, D. Ekstrand, M. McComas, T. Humphreys, CSO Royal, CSO Lewis, CSO Tucker, CSO Braun, Major Good, Sgt. Ortiz, H.L. Whitley, Sgt. K. Turner, CPO Reed, CPO Cooper, CPO L. Pritchard, CPO Henderson, Defendants/Appellees.**

No. 2 CA–CV 96–0085.

Court of Appeals of Arizona, Division 2, Department A.

July 31, 1997.

Review Granted March 17, 1998.

Anthony J. Merrick, Florence, Self–Represented.

Grant Woods, Attorney General by Bruce L. Skolnik, Tucson, for Defendants/Appellees.

## OPINION

DRUKE, Chief Judge.

Appellant, a prison inmate, filed a four-count complaint against various officials and staff of the Arizona Department of Corrections (collectively, ADOC), alleging they had lost some of his personal property. The state moved to dismiss the complaint based on the provisions of A.R.S. § 31–201.01(L). The trial court granted the motion and, pursuant to A.R.S. § 41-1604.10(E)(1), ordered that appellant forfeit five days' earned release credits. This appeal followed.

Section 31–201.01(L) prohibits prison inmates from suing the state "for injuries suffered while in the custody of the state ... unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." Appellant's complaint alleged that (1) the loss of his property occurred because ADOC had "been grossly negligent with respect to storing [his] property"; (2) ADOC had denied appellant due process of law "by depriving him of property without notice or hearings"; (3) the loss included religious literature and thus injured appellant's religious freedom; and (4) ADOC had violated its duty under A.R.S. § 41–1602 "to provide [appellant] with rehabilitation programming" because the lost property included "spiritual and physical rehabilitation materials."

■ Appellant first contends that § 31–201.01(L) unconstitutionally abridges his right to petition the government.[1] We disagree. The loss of appellant's property by ADOC does not implicate a citizen's right to petition the government. That involves

> [t]he right of the people to meet in public places to discuss in open and public manner all questions affecting their substantial welfare, and to vent their grievances, to protest against oppression, economic or otherwise, and to petition for the amelioration of their condition, and to discuss the ways and means of attaining that end.

*State v. Butterworth,* 104 N.J.L. 579, 142 A. 57, 58 (1928). *See also Pink v. Lester,* 52 F.3d 73, 76 (4th Cir.1995) (inadvertent misrouting of prisoner's request form "simply does not implicate the fundamental democratic principle of the right to petition; namely, that a republican government not turn a deaf ear to its citizenry").

■ Appellant also contends, citing various federal cases and article II, § 4, of the Arizona Constitution, that § 31–201.01(L) violates his constitutional right to substantive due process because it denies him access to Arizona's courts. This right, appellant argues, "is founded in the due process clause and assumes that no person will be denied

the opportunity to present to the judiciary allegations concerning violations of fundamental rights." Although due process extends to all citizens, it does not extend to all deprivations by the government. In *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court held that a prisoner could not proceed under 42 U.S.C. § 1983 on a negligence claim against a deputy sheriff because "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." 474 U.S. at 332, 106 S.Ct. at 668, 88 L.Ed.2d at 668. The Court observed that "[h]istorically, th[e] guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty or property." *Id. See also Pink v. Lester,* 52 F.3d at 76 (based on *Daniels,* "we think that the unintended misrouting of a [prisoner's] routine money order request is too far afield from state action ... to constitute a violation of the Due Process Clause"). For the same reason, we hold that the negligent loss of appellant's property by ADOC does not amount to a denial of due process.

■ Appellant next contends that the trial court improperly dismissed his 42 U.S.C. § 1983 civil rights claim against ADOC because § 31–201.01(L) expressly allows claims "authorized by a federal statute." While we agree the statute allows § 1983 claims against the state, none of the four counts in appellant's complaint specifically alleges such a claim against ADOC. Moreover, even if we liberally construe the complaint to include a § 1983 claim, *Daniels* defeats it for the reasons discussed above.

■ Appellant further contends that he has been denied his constitutional right of equal protection because both the trial court and this court refused to waive filing fees. Our supreme court addressed this issue in *Tahtinen v. Superior Court,* 130 Ariz. 513, 637 P.2d 723 (1981), holding:

---

1. *See* U.S. Const. amend. I; Ariz. Const. art. II, § 5.

[I]ndigent plaintiffs or appellants have the right to waiver of filing fees in Arizona courts only when the case [involves] an appeal from a criminal conviction, a habeas corpus petition challenging the legality of the state's incarceration of the plaintiff, or a lawsuit [involving a fundamental right] within the doctrine of *Boddie v. Connecticut,* [401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)].

130 Ariz. at 516, 637 P.2d at 726. Because appellant's case does not fall within those enumerated, he was properly charged the requisite filing fees. *See* §§ 12–119.01, 12–120.31, 12–284, and 12–311.

■ Finally, appellant challenges the trial court's deduction of five days' earned release credits pursuant to § 41–1604.10(E)(1). The statute allows the court to deduct credits if it finds an inmate has brought "a claim without substantial justification." Appellant contends that because he was convicted in 1991 and the statute was enacted in 1993, it violates the constitutional prohibition against ex post facto laws.[2]

The legislature enacted § 41–1604.10 together with a number of other statutes involving the Department of Corrections, earned release credits, and parole eligibility. In examining these statutes, we have found a significant inconsistency in the application of § 41–1604.10. Subsection G provides that the statute "applies only to persons who commit felonies *before* January 1, 1994." (Emphasis added.)[3] Based on subsection G alone, appellant has an arguable ex post facto claim. But when the legislature enacted § 41–1604.10 it stated:

It is the intent of the legislature that the provisions of this act relating to parole, work furlough, home arrest, earned release credits and other early release programs have only *prospective* effect. For any person convicted for an offense committed before the effective date of this act [January 1, 1994] the provisions of this act shall have no effect and such person shall be eligible for and may participate in such

programs as though this act has not passed.

1993 Ariz.Sess.Laws, ch. 255, § 101 (emphasis added). Thus, while subsection G of the statute provides for retroactive application, the legislature has stated a contrary intent. To resolve this conflict, we construe the statute to give it a reasonable meaning and to avoid a finding that it is unconstitutional. *Aitken v. Industrial Comm'n,* 183 Ariz. 387, 904 P.2d 456 (1995); *Wicks v. Motor Vehicle Div.,* 184 Ariz. 307, 908 P.2d 1092 (App.1995); *Flexmaster Aluminum Awning Co. v. Hirschberg,* 173 Ariz. 83, 839 P.2d 1128 (App. 1992). Our goal is "to fulfill the intent of the legislature that wrote it." *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). We find that the legislature has clearly and unambiguously stated its intent that § 41–1604.10 have "only prospective effect" and no application to "any person convicted for an offense committed before [its] effective date," January 1, 1994. Were we to follow the literal language of subsection G, an absurd result would obtain; § 41–1604.10 would apply only to those convicted before, but not after, its effective date. Because appellant committed his offense in 1991, § 41–1604.10 neither applies to him nor could it be a basis of the trial court's order forfeiting appellant's earned release credits.

We therefore reverse that part of the judgment forfeiting five days of appellant's earned release credits, but affirm the judgment in all other respects.

FLOREZ, P.J., and BRAMMER, J., concur.

---

2. U.S. Const. art. I, § 9, cl. 3; Ariz. Const. art. II, § 25.

3. This same provision also appears in §§ 41–1604.09(I), 41–1604.11(M), 41–1604.12(F), and 41–1604.13(J).