964 P.2d 473

Anthony James MERRICK,
Plaintiff/Appellant,

v.

Samuel LEWIS, Charles Ryan, George Herman, D. Ekstrand, M. McComas, T. Humphreys, CSO Royal, CSO Lewis, CSO Tucker, CSO Braun, Major Good, Sgt. Ortiz, H.L. Whitley, Sgt. K. Turner, CPO Reed, CPO Cooper, CPO L. Pritchard, CPO Henderson, Defendants/Appellees.

No. CV–97–0418–PR.

Supreme Court of Arizona,
En Banc.

July 2, 1998.

Anthony James Merrick, Florence, In propria persona.

Grant Woods, Attorney General by Bruce L. Skolnik, Richard E. Gordon, Assistant Attorneys General, Phoenix, for Defendants/Appellees.

## OPINION

McGREGOR, Justice.

¶ 1   This case raises the question whether Arizona Revised Statutes (A.R.S.) § 41–1604.10, which governs earned release credits, applies to inmates who, like appellant, committed crimes before the effective date of amendments to the statute. We hold that the statute applies and remand to the court of appeals to consider appellant's challenges to it.

I.

¶ 2   Appellant filed a complaint against several officials and staff members of the Arizona Department of Corrections, alleging they had lost some of his personal property. The state moved to dismiss, arguing that A.R.S. § 31–201.01.L barred appellant's suit because appellant alleged neither serious physical injuries nor a claim authorized by a federal statute.[1]   The trial court agreed and

1.   A.R.S. section 31–201.01.L provides:

L.  A person who is convicted of a felony offense and who is incarcerated while awaiting

granted the motion to dismiss. The court also ordered that appellant forfeit five days' earned release credits because he brought his claim without substantial justification. *See* A.R.S. § 41–1604.10.E.1.[2]

¶ 3   On appeal, appellant argued that section 41–1604.10.E.1 violates the constitutional prohibition against *ex post facto* laws [3] because the legislature enacted it after his conviction. The court of appeals concluded that the statute does not apply to appellant because his crimes occurred before the section's effective date, January 1, 1994. *Merrick v. Lewis,* 191 Ariz. 71, 952 P.2d 309 (App.1997). Accordingly, the court, without considering appellant's *ex post facto* argument, reversed the order forfeiting appellant's earned release credits.

¶ 4   This Court granted the state's petition for review to consider whether section 41–1604.10.E.1 applies to inmates imprisoned for crimes committed before January 1, 1994. We have jurisdiction under Arizona Constitution article VI, section 5(3).

## II.

### A.

¶ 5   On its face, A.R.S. § 41–1604.10 applies to appellant. Subsection E.1, as amended in 1994, allows the court to deduct earned release credits if it finds an inmate has brought "a claim without substantial justification." *See* 1994 Ariz. Sess. Laws ch. 358, § 5. The trial court made that finding in appellant's action. Subsection G (originally subsection E) expressly provides that the statute "applies only to persons who commit felonies before January 1, 1994." Appellant committed his crimes before that date.

Thus, under the clear language of the statute, section 41–1604.10 applies to appellant.

¶ 6   The court of appeals, however, reached a contrary conclusion because it found a significant inconsistency between section 41–1604.10 and the "intent provision" of its enacting legislation. *See Merrick,* 191 Ariz. at 74, 952 P.2d at 312. The legislature enacted section 41–1604.10 as part of a substantial revision of Arizona's earned release provisions. *See* 1993 Ariz. Sess. Laws ch. 255, § 88. Section 101, the "Legislative Intent" provision of chapter 255, states:

It is the intent of the legislature that the provisions of this act relating to parole, work furlough, home arrest, earned release credits and other early release programs have only *prospective* effect. *For any person convicted for an offense committed before the effective date of this act* [January 1, 1994; *see* 1993 Ariz. Sess. Laws ch. 255, § 98] *the provisions of this act shall have no effect* and such person shall be eligible for and may participate in such programs as though this act has not passed.

1993 Ariz. Sess. Laws ch. 255, § 101 (emphasis added). The court of appeals interpreted section 101 as "clearly and unambiguously" stating that section 41–1604.10 does *not* apply to inmates who committed crimes before January 1, 1994. *Merrick,* 191 Ariz. at 74, 952 P.2d at 312. Subsection G of section 41–1604.10, in contrast, states that the statute applies *only* to inmates who committed crimes before that date.

¶ 7   The court of appeals resolved the conflict in favor of section 101. The court reasoned that if subsection G controlled, an "absurd result" would obtain: section 41–1604.10 would apply to inmates who committed

---

sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

**2.**   A.R.S. § 41–1604.10.E provides, in relevant part:

E.   A prisoner shall forfeit five days of the prisoner's earned release credits if the court finds or a disciplinary hearing held after a review by and recommendations from the attorney general's office determines that the prisoner does any of the following:
1.   Brings a claim without substantial justification.

**3.**   *See* U.S. Const. art.  I, § 9, cl. 3;  Ariz. Const. art.  II, § 25.

crimes before, but not after, its effective date. *Id.*

■ ¶ 8   Upon examination of the statute, we conclude that the outcome eschewed by the court of appeals does not lead to an absurd result, but rather to one essential to this complex statutory scheme. Moreover, section 101, considered in context, is consistent with the clear language of section 41–1604.10.G. Accordingly, we hold that section 41–1604.10 applies to appellant because his crimes occurred before January 1, 1994.

### B.

¶ 9 . In seeking to reconcile the seemingly contradictory language of A.R.S. § 41–1604.10 and section 101, we consider the context and purpose of the statute and its enacting legislation. *See Lemons v. Superior Court,* 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984) (court must interpret apparently conflicting statutes harmoniously if possible); *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (when statutory language is not clear, court will consider the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose).

¶ 10   The confusion engendered by the contradictory language of the statute and section 101 disappears when we analyze their purpose. Chapter 255, 1993 Ariz. Sess. Laws, replaced a single statutory scheme related to earned release credit with two separate schemes: one scheme applies to inmates convicted of crimes that occurred before January 1, 1994, and the other to inmates whose crimes occurred after that date. *Compare* A.R.S. §§ 41–1604.09 & – 1604.10 *with* §§ 41–1604.06 & –1604.07.

¶ 11   Several sections of chapter 255 work together to create the dual schemes. Before the legislature adopted chapter 255, A.R.S. §§ 41–1604.06 and 41–1604.07 governed earned release credits, and thus necessarily applied to all inmates. Section 88 of chapter 255 created new sections 41–1604.09 and 41–1604.10. With one important addition, the new sections repeated verbatim the text formerly codified at sections 41–1604.06 and 41–1604.07. To each new section, the legislature added language that limits the new sections' applicability to inmates who committed felonies *prior to* January 1, 1994. *See* A.R.S. §§ 41–1604.09.I & –1604.10.G. Concurrently, using sections 86 and 87 of chapter 255, the legislature substantially rewrote "old" sections 41–1604.06 and 41–1604.07, thereby creating a new earned release credit scheme effective January 1, 1994. Thus, by adopting chapter 255, the legislature (1) retained, but renumbered, the pre–1994 earned release credit provisions, leaving them applicable only to inmates whose crimes occurred *before* January 1, 1994; and (2) created a revised earned release credit scheme applicable only to inmates whose crimes occurred *after* January 1, 1994, using the section numbers that formerly applied to the newly renumbered provisions.

¶ 12   Section 101 of chapter 255, the "intent" provision that troubled the court of appeals, explains the effect of the change in the earned release credit scheme: the statutes in place prior to chapter 255's effective date of January 1, 1994, although renumbered, continue to govern inmates whose crimes occurred before that date, "as though [chapter 255 had] not passed." In contrast, as section 101 explains, the revised scheme, set out in the rewritten statutes, has only "prospective effect." Interpreted this way, section 101 is not inconsistent with section 41–1604.10.G, which governs inmates who committed crimes before 1994, as though chapter 255 had not passed. Accordingly, we can apply the clear language of subsection G to conclude that section 41–1604.10.G applies to appellant.

■ ¶ 13   Even if section 101 were irreconcilably inconsistent with section 41–1604.10.G, we would not ignore the language of subsection G in favor of section 101. Subsection G expresses the legislature's particular intent to apply section 41–1604.10 to inmates whose crimes occurred before January 1, 1994. Section 101, in contrast, expresses a general intent regarding all of chapter 255. We ordinarily agree, in the absence of other compelling factors, that when "a statute expresses first a general intent, and afterwards an inconsistent particular intent, the latter will be taken as an exception from the former

and both will stand." *Sakrison v. Pierce,* 66 Ariz. 162, 173, 185 P.2d 528, 535 (1947) (quoting 1 LEWIS' SUTHERLAND ON STATUTORY CONSTRUCTION ¶ 268 (2d ed.1904)). Accordingly, even if we were to interpret section 101 as being inconsistent with subsection G, the latter specific provision controls as an exception to the general prospective effect of chapter 255.

## C.

¶ 14 Several other factors support our conclusion that A.R.S. § 41–1604.10 applies to inmates, like appellant, convicted of crimes occurring before January 1, 1994. First, a contrary reading would entirely exclude that group of inmates from the earned release credit system, a result clearly contrary to legislative intent.

¶ 15 When the legislature created the new earned release credit scheme at A.R.S. §§ 41–1604.06 and 41–1604.07, it stated that those sections apply only prospectively to inmates whose crimes occur *after* January 1, 1994. *See* 1993 Ariz. Sess. Laws ch. 255, §§ 99 & 101. Thus, unless the renumbered statutes, sections 41–1604.09 and 41–1604.10, continue to apply to inmates whose crimes occurred *before* January 1, 1994, *no* provision governs earned release credits for those inmates. However, the language of the statute informs us that the legislature did not intend this result. In chapter 255's intent provision, the legislature directed that persons convicted of offenses committed before the effective date of chapter 255 may participate in early release programs "as though this act has not passed." See 1993 Ariz. Sess. Laws ch. 255, § 101.

¶ 16 Second, interpreting section 41–1604.10 as applying only prospectively would produce uncertainty about which inmates, if any, the statute covers. If we held, *contrary* to our conclusion, that section 41–1604.10 applies to inmates whose crimes occurred after January 1, 1994, we would engender a direct conflict with the new scheme, which expressly covers inmates whose crimes occurred after January 1, 1994. As a result, those inmates would fall under two schemes that invoke different standards. For example, the new scheme allows inmates to earn

one day's earned release credit for no less than six days served, whereas the renumbered scheme allows some inmates to earn one day's credit for every two days served. *Compare* A.R.S. § 41–1604.07.A *with* A.R.S. § 41–1604.10.A. We seek to avoid interpreting two statutes in a manner that results in one contradicting another, and we follow that general rule here. *See Vega v. Morris,* 184 Ariz. 461, 463, 910 P.2d 6, 8 (1996) (general rule of interpretation is that legislature does not include redundant, superfluous, or contradictory provisions in statutes).

¶ 17 Finally, amendments to chapter 255, 1993 Ariz. Sess. Laws, verify that the legislature intended section 41–1604.10 to apply to inmates whose crimes occurred before January 1, 1994. As we noted above, the legislature enacted section 41–1604.10 as section 88 of chapter 255, including the language of subsection G (then subsection I) that limits the section's applicability to inmates convicted before January 1, 1994. Originally, section 99 of chapter 255 provided that "sections 88 through 95 of this act apply only to persons who commit a felony offense *after* the effective date of this act [January 1, 1994]." (Emphasis added.) Thus, as passed, chapter 255 included a facial contradiction between sections 88 and 99. But in its next session, the legislature amended section 99 to remove the reference to section 88. *See* 1994 Ariz. Sess. Laws ch. 236, § 17. The amendment thus resolved the conflict between sections 88 and 99 and clarified the legislature's intention that section 41–1604.10, a part of section 88, should apply to inmates who, like appellant, committed crimes before January 1, 1994.

## III.

¶ 18 Because A.R.S. § 41–1604.10 applies to appellant, the question becomes whether appellant is subject to subsequent amendments to the statutes. In 1994, the legislature added subsection E, and a parallel provision to section 41–1604.07, directing that inmates must forfeit earned release credits under specified circumstances. *See* 1994 Ariz. Sess. Laws ch. 358, §§ 5 & 6. Appellant asserts that applying the amendment to him violates the prohibition against *ex post facto*

**276**

laws. Because the court of appeals did not consider that question, we vacate the opinion of the court of appeals and remand for consideration of the remaining issues.

ZLAKET, C.J., JONES, V.C.J., and FELDMAN, and MARTONE, JJ., concur.