24 P.3d 1281

Kenneth R. CRUMRINE,
Petitioner/Appellant,

v.

Terry L. STEWART, Director, Arizona Department of Corrections,
Respondent/Appellee.

No. 2 CA–CV 00–0221.

Court of Appeals of Arizona,
Division 2, Department B.

May 24, 2001.

Reconsideration Denied July 17, 2001.

Kenneth R. Crumrine, Florence, In Propria Persona.

Janet Napolitano, Arizona Attorney General by Wanda E. Hofmann, Tucson, Attorneys for Respondent/Appellee.

## OPINION

HOWARD, Presiding Judge.

¶ 1 After a jury trial, appellant Kenneth Crumrine was convicted of kidnapping and armed robbery, and sentenced to a 10.5–year prison term for the kidnapping and a consecutive 10.5–year prison term for the armed robbery. Crumrine filed a petition asking the trial court to order appellee Terry L. Stewart, Director of the Arizona Department of Corrections (DOC), to apply Crumrine's earned release credits to his kidnapping sentence so that he could begin serving his armed robbery sentence. The trial court denied Crumrine's petition. This appeal followed. Finding no abuse of discretion, we affirm.

1.  The language now appears in § 41–1604.07(G).

¶ 2 Crumrine committed his offenses in March 1989 and began serving his sentence for kidnapping on November 9, 1989. Beginning on November 29, 1989, DOC began calculating Crumrine's earned release credits on the kidnapping sentence at the rate of one day of credit for every three days he served in a parole-eligible class. But, because Crumrine still faced a consecutive sentence for his armed robbery conviction, DOC did not apply any earned release credits to his kidnapping sentence. Crumrine has since completed the full term of that sentence.

¶ 3 Following several unsuccessful administrative requests that the Director of DOC apply his earned release credits to his kidnapping sentence, Crumrine filed a petition for habeas corpus, which the trial court construed as a petition for special action. After both parties briefed the issue, the trial court denied relief. This appeal followed.

¶ 4 In order to be entitled to special action relief, Crumrine was required to show the Director of DOC failed to exercise his discretion, failed to perform a duty as to which he had no discretion, or abused his discretion. Ariz. R.P. Special Actions 3, 17B A.R.S. Because neither party questions the trial court's acceptance of jurisdiction, we review its denial of special action relief for an abuse of discretion. *Bazzanella v. Tucson City Court*, 195 Ariz. 372, ¶ 3, 988 P.2d 157, ¶ 3 (App.1999). And we will not overturn the Director's historical interpretation of a statute which he administers unless it is clearly erroneous. *Berry v. State Dep't of Corrections*, 145 Ariz. 12, 13, 699 P.2d 387, 388 (App.1985).

¶ 5 Crumrine first argues he was entitled to have his earned release credits applied to his kidnapping sentence because "[a]s shown in [A.R.S.] § 41–1604.10(E), '[t]he Director ... shall authorize the release of any prisoner on the prisoner's earned release credit date to serve any consecutive term.'" But the language he relies on does not appear in § 41–1604.10(E) or any other portion of § 41–1604.10. Rather, it was added to A.R.S. § 41–1604.07(E) by a 1993 revision.[1] 1993 Ariz. Sess. Laws, ch. 255, § 87.

The 1993 version of § 41–1604.07 applies only to prisoners who commit offenses after January 1, 1994. *Merrick v. Lewis,* 192 Ariz. 272, ¶ 11, 964 P.2d 473, ¶ 11 (1998). Crumrine committed his offense in 1989 and cannot rely on that statute. As our supreme court stated in *True v. Stewart,* 199 Ariz. 396, ¶ 15, 18 P.3d 707, ¶ 15 (2001), prisoners convicted before 1990, such as Crumrine, "remain in the position they occupied prior to the passage of the 1993 legislation." Crumrine's entitlement to application of earned release credits, therefore, is determined by the version of § 41–1604.07 in effect at the time of his offense.[2]

■ ¶ 6 In 1989, § 41–1604.07(A) permitted parole eligible prisoners to earn release credits. But subsection B of the statute stated that earned release credits "shall not reduce the term of imprisonment imposed by the court on such prisoner." And subsection D gave the Director discretion to release prisoners who had achieved their earned release credit date. Subsection D further provided that "[a] prisoner on earned release credit release is not under the control of [DOC]."

¶ 7 The Director has interpreted former § 41–1604.07 as contemplating only an "outright release from confinement," and not a release to serve a consecutive sentence. Accordingly, DOC Order No. 1002.06, § 1.2.1 states: "Inmates serving a sentence of imprisonment with a consecutive sentence to serve, whose offense occurred between August 13, 1986 and December 31, 1993, shall not be entitled to deduction of release credits."

¶ 8 First, Crumrine has not shown that the Director's interpretation is clearly erroneous. *Berry.* Subsection D states that "a prisoner on earned release credit release is not under the control of [DOC]." But, as the Director has noted, a prisoner released to serve a

consecutive sentence remains under DOC's control. The Director's interpretation, therefore, is not inconsistent with the language of the statute.

¶ 9 Second, when the legislature intended to allow a release to a consecutive sentence, it specifically stated that intent. In 1993, the legislature added present § 41–1604.07(G), which specifically requires the Director to release a prisoner to a consecutive sentence when the inmate has reached his or her earned release date on the preceeding sentence. It also renumbered former § 41–1604.07 but did not add any similar language concerning consecutive sentences. Based on the legislature's failure to add such a provision in former § 41–1604.07, we presume that the legislature did not intend to include it. *See Fields v. Capitol Indem. Corp.,* 180 Ariz. 312, 313, 884 P.2d 198, 199 (App.1994) (when legislature includes item in one section but not in another, it intends to exclude from coverage items not mentioned).

¶ 10 Thus, the premise of Crumrine's argument is not supported by the applicable law. And the Director's interpretation is not clearly erroneous. Additionally, Crumrine has not shown that, under the applicable law, the Director abused his discretion in failing to apply the credits to his kidnapping sentence.

■ ¶ 11 Crumrine next argues the Director has violated his right to due process because he has a liberty interest in accruing and applying earned release credits to his kidnapping sentence. The substance of his argument is that because former § 41–1604.07(A) mandates earned release credits for parole eligible inmates, he is entitled to have his earned release credits applied to his sentence regardless of whether the release would be "to the streets," or, as in his case, to a consecutive sentence.[3]

---

**2.** For purposes of this case, former § 41–1604.07, in effect in 1989, which was renumbered as § 41–1604.10 in 1993, is in substance the same as present § 41–1604.10. *See Merrick,* 192 Ariz. 272, ¶ 11, 964 P.2d 473, ¶ 11. *See also* 1993 Ariz. Sess. Laws, ch. 255, §§ 87, 88.

**3.** In supplemental authority, Crumrine alluded to *Crittenden v. Lewis,* which he identified as an

Arizona Supreme Court case decided in July 2000, dealing with ex post facto application of changes in DOC's earned release credit rules. He gave no citation and we have found no such published case. Further, he has not alleged any change in DOC's rules or policies affecting a release to serve a consecutive sentence.

¶ 12 Before 1986, the mandatory language of Arizona's earned release credit statutes gave prisoners a liberty interest in release credits enforceable through the Due Process Clause. *McFarland v. Cassady,* 779 F.2d 1426, 1428 (9th Cir.1986). Thereafter, apparently in response to *McFarland,* the legislature enacted subsection D, making the release discretionary, and added the language in subsection B, stating that the earned release credits do not reduce a sentence. 1986 Ariz. Sess. Laws, ch. 200, § 2. And Division One of this court has determined that, under the 1986 version of the statute, even after a prisoner has reached his earned release credit date and has not forfeited any of his release credits, the Director, in his discretion, may refuse to release him. *Sanchez v. Ryan,* 178 Ariz. 88, 91, 870 P.2d 1184, 1187 (App.1993).[4] Thus, although Crumrine is entitled to accrue earned release credits under subsection A, application of the credits is discretionary under subsection D. Therefore, Crumrine did not have an enforceable liberty interest in the application of his earned release credits under *McFarland.*

¶ 13 Additionally, since *McFarland* was decided, the Supreme Court has changed the focus of the inquiry from the mandatory/discretionary analysis. It held that the interests protected by the due process clause

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418, 430 (1995) (citations omitted).

¶ 14 Former § 41–1604.07 specifically provides that the earned release credits shall not reduce the sentence imposed. The Director's interpretation of the statute, therefore, did not extend the sentence imposed by the court. And the deprivation of earned release credits has no effect on the conditions of confinement. Furthermore, there is no right under the United States Constitution to earn or receive sentence credits. *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir.1992). Crumrine has not shown, therefore, that he has a liberty interest in having his earned release credits applied to his kidnapping sentence.

¶ 15 Finally, Crumrine contends that if he cannot apply earned release credits that he earned while serving his kidnapping sentence to that sentence, he should be able to apply them to his consecutive armed robbery sentence. But the statute only speaks in terms of earning release credits on the particular sentence being served. Consecutive sentences must be served independently, *State v. Thomas,* 131 Ariz. 547, 551, 642 P.2d 892, 896 (App.1982), and there is no statutory mechanism for applying earned release credits accrued during one sentence to a subsequent consecutive sentence. *See* former § 41–1604.07.

¶ 16 Crumrine has not shown the statutes required his release or that the Director has abused his discretion under the statutes. Further, he has not shown that he has an enforceable liberty interest in the statutorily created earned release credit system. The trial court's order denying special action relief, therefore, is affirmed.

ESPINOSA, C.J. ,and DRUKE, J., concur.

---

4. The court in *Sanchez* noted that DOC's own rules and regulations may serve as a limitation on this discretion. *Sanchez,* 178 Ariz. at 91 n. 3, 870 P.2d at 1187 n. 3. But, as noted in ¶ 7, *supra,* the rules promulgated by DOC prohibit application of earned release credits when an inmate still has a consecutive sentence remaining.