**Ronnie Eugene STEWART,
Petitioner—Appellant,**

v.

**Terry L. STEWART, Director, et al.
Respondents—Appellees.**

No. 03–15408.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Oct. 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

---

Ronnie Eugene Stewart, Yuma, AZ, pro se.

Wanda E. Hofmann, Esq., AGAZ–Office of the Arizona Attorney General, Tucson, AZ, for Respondents–Appellees.

Before: B. FLETCHER, GIBSON,** and BERZON, Circuit Judges.

### MEMORANDUM ***

Ronnie Eugene Stewart, an inmate in the custody of the Arizona Department of Corrections, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Stewart was convicted of attempted burglary and sentenced to probation by an Arizona state court. After violating the terms of the probation, he was sentenced to four years in prison with credit for the 205 days he had already served. On January 10, 1991, Stewart was released on parole, but as of June 18, 1991, he had absconded from parole supervision.

On November 14, 1991, a total of 149 days after absconding, Stewart was arrested on new felony charges. He was sentenced in November 1992 to eleven years and three months for burglary, five years for theft by control, and five years for escape, each sentence to run concurrently with the others but consecutively with the remainder of his original four-year sentence.

On December 9, 1992, he was returned to Department of Corrections custody. Following a hearing, the Arizona Board of Executive Clemency revoked his parole in February 1993. Stewart completed his initial four-year sentence on July 12, 1994, four years and 149 days after he began serving it.

Following the completion of his original sentence, Stewart filed two petitions for habeas relief in Arizona state court. In the first petition Stewart claimed that the Department had miscalculated his sentence by failing to apply his earned release credits and by adding onto his sentence the 149 days during which he had absconded. The trial court denied relief, and the appeals court affirmed. In his second petition, Stewart alleged that the Department should have given him earned release credits on the 371 days he spent in jail following his November 14, 1991, arrest but before transfer to Department custody in December 1992. Again the trial court denied relief, and the appeals court affirmed.

Stewart filed this petition in federal district court alleging that the Department violated due process by miscalculating his sentence and by failing to hold a timely parole revocation hearing. The district court denied his petition and later denied his motion for reconsideration and petition for a certificate of appealability.

---

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I. Certificate of Appealability

■ The Government asks us to dismiss the appeal because Stewart lacks a certificate of appealability as required by 28 U.S.C. § 2253. Stewart contends that following this court's decision in *White v. Lambert*, 370 F.3d 1002 (9th Cir.2004), no certificate is required to appeal the denial of habeas relief from the action of a state administrative agency instead of the action of a state court.

28 U.S.C. § 2253(c)(1) provides, in relevant part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding *in which the detention complained of arises out of process issued by a State court* . . .

28 U.S.C. § 2253(c)(1)(A) (emphasis added). The Ninth Circuit construed this section in *White v. Lambert*, where it held that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." 370 F.3d at 1010. Thus, following *White*, this court must look at whether an administrative or a judicial body made "the detention decision complained of by the state prisoner" to determine whether a certificate of appealability is required. *Id.*

As with the *White* petitioner's complaint, the target of Stewart's complaint is not the state court judgment or sentence derived therefrom, it is the Arizona Department of Correction's "administrative decision regarding the execution of his sentence." *See id.* Stewart's complained-of detention arose out of the Department's alleged miscalculation of his sentence and its failure to hold a timely parole revocation hearing, and not out of any "process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Therefore, as in *White*, Stewart's complaint does not require a certificate of appealability for this court to exercise its appellate jurisdiction.

## II. Constitutional Claims

Habeas relief may lie for a person in custody under a state court judgment in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In a habeas action under § 2254, a state court's legal conclusions may be overturned only if the court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

■ Stewart claims that the Department of Corrections improperly calculated his original four-year sentence by failing to deduct the release credits he earned while out on parole, thereby depriving him of a liberty interest in violation of due process. However, Arizona's parole scheme creates no liberty interest in earned release credits because it confers wide discretion upon the Director of the Department in the application of release credits earned while on parole. *See Crumrine v. Stewart*, 200 Ariz. 186, 24 P.3d 1281, 1284 (2001). Without a protected liberty interest triggering procedural due process, the state court's approval of the sentence calculation was not contrary to "clearly established federal law." *See* § 2254(d)(1).

■ Stewart also claims that the delay in holding his parole revocation hearing violated his right to due process. The Supreme Court has stated that a parole "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Three months had passed between the time Stewart was taken into Department of Corrections custody on December 9, 1992, and the parole revo-

cation hearing on February 3, 1993, a delay well within the parameters deemed reasonable for purposes of the Due Process Clause. *See, e.g., id.* at 488, 92 S.Ct. 2593 ("A lapse of two months ... would not appear to be unreasonable."); *United States v. Shampang,* 987 F.2d 1439, 1443 (9th Cir.1993) (finding delay of nearly six months "neither unreasonable nor fundamentally unfair"). Additionally, the delay did not prejudice Stewart's ability to contest the parole revocation because his convictions on the three new charges provided the Arizona Board of Executive Clemency with all the information it needed to revoke his parole. *See United States v. Wickham,* 618 F.2d 1307, 1310–11 (9th Cir. 1979). The state court's similar conclusion was not contrary to clearly established federal law. *See* § 2254(d)(1).

For the foregoing reasons, the judgment of the district court denying habeas relief is AFFIRMED.