*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0312P (6th Cir.)
File Name: 01a0312p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

JOHNNY GREENE,
     *Petitioner-Appellant,*

     *v.*

TENNESSEE DEPARTMENT OF
CORRECTIONS,
     *Respondent-Appellee.*

No. 00-5237

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-00988—Todd J. Campbell, District Judge.

Submitted: July 12, 2001

Decided and Filed: September 7, 2001

Before: SILER and GILMAN, Circuit Judges; GIBBONS,
District Judge.

_____

    *The Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation.

1

––––––––––––––––––

**COUNSEL**

––––––––––––––––––

**ON BRIEF:** Douglas A. Trant, Knoxville, Tennessee, for Appellant. David H. Findley, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE DIVISION, Nashville, Tennessee, for Appellee.

––––––––––––––––––

**OPINION**

––––––––––––––––––

SILER, Circuit Judge.    Petitioner Johnny Greene, a Tennessee state prisoner, filed a motion with this court seeking the right to appeal, notwithstanding the district court's denial of a certificate of appealability ("COA"), the lower courts's summary judgment for respondent, the Tennessee Department of Corrections ("TDC"), on his petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241.[1]    TDC did not respond to his motion, and it was granted.  TDC then filed a motion to reconsider, alleging that 28 U.S.C. § 2253[2] and Rule 22, Federal Rules of Appellate

––––––––––––––––––

[1] Greene's petition alleged that the denial of double sentencing credits under Tennessee's current and former sentencing credit incentive programs violated the Ex Post Facto clause and his due process rights.

[2] 28 U.S.C. § 2253 provides, in relevant part:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

* * *

under § 2241, since 'the detention complained of arises out of process issued by a State court.'").

If a state prisoner has been convicted in state court, is thereby incarcerated, and then files a § 2241 petition complaining about the condition or circumstances of that incarceration, then logic tells us that the person is detained because of a process issued (a conviction) by a State court. When it is clear that the detention results from a State court conviction, the habeas petition arises from the genesis of custody — the State conviction.

Accordingly, we agree with the Fifth and Tenth Circuits' construction of this plain and broad language and hold that a state prisoner who appeals the resolution of a § 2241 petition, such as is involved here, is required to first obtain a COA under § 2253(c)(1)(A).

We therefore decline to address the merits of Greene's *habeas* claims and GRANT TDC's motion to reconsider, VACATE the order granting Greene leave to proceed with his appeal without a COA, and DISMISS his appeal.

Procedure, require that Greene secure a COA in order to take an appeal to this court.

The key issue is whether a state prisoner seeking relief under § 2241, but not directly or indirectly challenging a state court conviction or sentence, is required to obtain a COA before appealing. For the reasons stated hereafter, we conclude that a state prisoner incarcerated pursuant to a state conviction who seeks *habeas* relief under § 2241 must obtain a COA before appealing to this court, and therefore GRANT TDC's motion to reconsider, VACATE the order granting Greene leave to proceed without a COA, and DISMISS his appeal.

BACKGROUND

In 1971, Greene was convicted of first degree murder and sentenced to serve ninety-nine years in state prison. In 1994, Greene's counsel wrote a letter to the TDC asserting that he was eligible for immediate release because he had been earning sentence credits at a rate of 49.5 days per month since his incarceration. The TDC informed him that he was not entitled to receive double credits under Tennessee's successive sentence reduction programs. Greene then filed a petition for a declaratory order with the TDC. TDC declined Greene's request for the declaratory order. He then reasserted the action in Davidson County Chancery Court, which granted summary judgment to TDC. Greene appealed and the Tennessee Court of Appeals affirmed. The Tennessee Supreme Court denied Greene's application for permission to appeal.

Greene then filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in the district court. The TDC filed a motion for summary judgment, alleging that Greene had

---

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

failed to create any genuine issue of material fact as to his Ex Post Facto and due process claims, and that he had failed to meet the standard for challenging state court determinations as required by 28 U.S.C. § 2254(d). The district court granted the motion, holding that no genuine issue of material fact existed, but declining to rule on whether Greene's petition should be construed as filed under § 2254. The district court denied a COA.

## DISCUSSION

Greene argues that he may appeal without a COA because his §2241 petition challenged the legality of proceedings of a state administrative agency, TDC, and thus, his appeal is not from "the final order in a habeas corpus proceeding *in which the detention complained of arises out of process issued by a State court.*" 28 U.S.C. § 2253(c)(1)(A) (emphasis added).

This position is arguably consistent with *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000), a § 2241 case in which the court held that a COA was not necessary because, "[w]hen a prisoner loses good-time credits after a prison disciplinary proceeding, the resulting detention does not arise out of process issued by a state court." The opposite result was reached in *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000), where the court stated: "consistent with the plain language of § 2253(c)(1)(A), this court holds that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Id.* (citing § 2253(c)(1)(A); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)).

Prior to deciding the COA issue, the *Walker* court held that:

*Felker* leads to the conclusion that when a prisoner begins in the district court, §2254 and all associated statutory requirements [including COA's under §2253, if applicable] apply no matter what statutory label the

prisoner has given the case. (Roughly speaking, this makes §2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under §2241 will not permit the prisoner to evade the requirements of §2254.) Indeed, we have held in numerous cases that §2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings, and we adhere to those decisions today.

*Id.* at 633 (relying on *Felker v. Turpin*, 518 U.S. 651 (1986)) (citations omitted). We agree with this part of the *Walker* opinion.

The *Montez* court relied upon the broad language, "the detention complained of arises out of process issued by a State court," in § 2253(c)(1)(A) to determine that the COA requirement was generally applicable to § 2241 petitions filed by state prisoners. The decisions in *Walker* and *Montez* were based upon different constructions of this phrase.

*Walker* held, "[i]n light of the statutory language, we do not see how we can construe the words 'process issued by a State court' to mean 'process not issued by a State court, but instead the outcome of an internal prison disciplinary proceeding.'" *Id.* at 637. The difficulty we have with this construction is that it narrows the phrase in § 2253(c)(1)(A) that gives it breadth — "arises out of."

A plain reading, noting the breadth created by this phrase, was the basis for the *Montez* court's resolution of the issue and is also the position of the Fifth Circuit. *See id.* at 867; *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (holding that, in the context of a pretrial detainee filing a petition under § 2241, "§ 2253 clearly does not encompass challenges to federal detention under § 2241. Just as clearly, however, § 2253 does encompass challenges to state detention