Mark MCGUIRE, Petitioner—
Appellant,

v.

Jim HAMLET, Warden, Respondent—
Appellee.

No. 04–16082.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2006.*

Decided March 16, 2006.

Mark McGuire, Avenal, CA, pro se.

Eric Krebs, Esq., San Francisco, CA,
for Petitioner–Appellant.

Scott C. Mather, Esq., Office of the California Attorney General, San Francisco,
CA, for Respondent–Appellee.

Before: RYMER, W. FLETCHER, and
CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Mark McGuire, a prisoner serving a sentence in the state of California, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McGuire contends that he was unlawfully punished in a prison disciplinary proceeding in which he was found to have altered a computer operating system. Because his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1), we consider only whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Applying this standard, we affirm the district court's ruling.

■ As a threshold matter, the State challenges our jurisdiction to decide the matter because the district court denied a certificate of appealability (COA). In this circuit, under 28 U.S.C. § 2253(c), "a COA is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." *White v. Lambert,* 370 F.3d 1002, 1010 (9th Cir. 2004); *see also Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam). As the target of McGuire's habeas petition is an administrative disciplinary decision, not a state court proceeding, no COA is necessary. *Rosas,* 428 F.3d at 1232.

■ The state superior court's ruling denying McGuire's habeas petition was not contrary to, or an unreasonable application of, clearly established federal law. The state court correctly identified and applied *Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), as the

controlling federal law. Pursuant to *Hill,* it found that the prison officials' decision was based on some evidence that McGuire modified his computer's operating system, and the disciplinary decision thus comported with the minimal due process requirements established by the Supreme Court. *See id.* at 454, 105 S.Ct. 2768 (holding that revocation of good time comports with the minimum requirements of procedural due process so long as "the findings of the prison disciplinary board are supported by *some* evidence in the record") (emphasis added). As due process requires only "a modicum of evidence to support a decision to revoke good time credits," *id.* at 455, 105 S.Ct. 2768, and the state court identified sufficient evidence in the record supporting the decision, its decision faithfully applied *Hill.*

Motherwell's testimony established that McGuire altered his computer's BIOS and that the operating system cannot function without the BIOS; it also established that McGuire had hidden an unauthorized, secondary hard drive in an empty computer case in his work area and used it to store personal letters and legal work that he created during time he was assigned to work on refurbishing computers. Though McGuire disputes the factual basis for Motherwell's testimony regarding the relationship between the computer's BIOS and operating system, his due process rights were not violated by the prison officials' decision to credit Motherwell's technical expertise and not McGuire's. Nor was Motherwell's testimony so lacking in indicia of reliability that reliance on it might violate due process. *Cato v. Rushen,* 824 F.2d 703, 705 (9th Cir.1987) (as amended).

■ As to McGuire's contention that his due process and equal protection rights

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

were violated, we find no merit in that argument. The record shows that the other inmate's violation was classified as "administrative" rather than "serious" because he had a commendable record with no other violations in his entire 17–year period of incarceration. By contrast, the record shows that McGuire had been previously warned and counseled for the same misconduct at issue here. Under these circumstances, McGuire has not shown that the different treatment either lacked a rational basis or deprived him of due process.

AFFIRMED.