Gregorio C. FUNTANILLA, Jr., Petitioner–Appellant,

v.

Cheryl K. PLILER, Warden, Respondent–Appellee.

No. 04–16983.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregorio C. Funtanilla, Jr., Corcoran, CA, pro se.

Robert Michael Llewellyn Fax, AGCA— Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Gregorio C. Funtanilla, Jr. appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. *See Wolff v. McDonnell,* 418 U.S. 539, 556–58, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam); *White v. Lambert,* 370 F.3d 1002, 1010 (9th Cir.2004); *Toussaint v. McCarthy,* 801 F.2d 1080, 1095–98 (9th Cir.1986). We review de novo a district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

■ Funtanilla contends that a prison disciplinary decision violated his due process rights. We conclude that some evidence supported the disciplinary decision that Funtanilla hired a private investigator to conduct surveillance on an off-duty staff member. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We further conclude that the confidential information relied upon by the hearing official was sufficiently reliable because physical evidence corroborated the information. *See Zimmerlee v. Keeney,* 831 F.2d 183, 186–87 (9th Cir.1987) (per curiam).

■ Funtanilla's contentions concerning inadequate notice of the physical evidence to be used against him and of bias of the hearing officer are unsupported by the record.

■ Finally, Funtanilla's contention that he is innocent of "harassment" as defined by the California Code of Regula-

tions is unpersuasive. Funtanilla's willful actions were directed at a prison staff member and the record demonstrates that those actions seriously alarmed and upset the staff member. *See* 15 C.C.R. §§ 3315(a)(3)(O), 3000. Moreover, Funtanilla's assertion that he hired the private investigator to find out the staff member's address to serve her with a legal complaint is belied by the record. The record shows that Funtanilla engaged the private investigator for surveillance of the off-duty staff member without any legitimate purpose.

Accordingly, the disciplinary decision did not result in an unreasonable application of federal law, and Funtanilla is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.