**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL BANKUTHY,

        Petitioner - Appellant,

  v.

JAMES A. YATES,

        Respondent - Appellee.

No. 07-15910

D.C. No. CV-05-00696-AWI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

    Michael Bankuthy appeals pro se from the district court's judgment denying

his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C.

§ 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our review of the record and the parties' responses to this court's order to show cause indicates that this appeal is not moot because Bankuthy remains on parole supervision. The order to show cause is discharged.

The government's contention that we lack jurisdiction over this appeal for lack of a certificate of appealability ("COA") is foreclosed. *See White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004) (holding that a COA is not necessary where a state prisoner challenges an administrative decision regarding the execution of his sentence).

We grant the government's motions to strike documents Bankuthy submitted to this court that were not presented to the district court and references in Bankuthy's briefs to those documents. *See* Fed. R. App. P. 10(a); *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Our review of the record indicates that the California courts' rejection of Bankuthy's claims was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

First, Bankuthy's due process challenges to the state's failure to award him day-for-day credits are without merit. Cal. Penal Code § 2933.1 clearly limits the sentence credits Bankuthy may earn through his participation in the Inmate Work Training Incentive Program ("IWTIP") to fifteen percent. The other state statutes

and regulations cited by Bankuthy do not create a protected due process liberty interest in sentence credits. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995); *McLean v. Crabtree*, 173 F.3d 1176, 1184-85 (9th Cir. 1999).

Second, Bankuthy's estoppel contention does not state a violation of federal law and is thus not cognizable in these proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Third, Bankuthy contends that his equal protection rights were violated because other inmates similarly situated to him have been granted day-for-day credits for participating in IWTIP, despite statutory limitations on their accrual of sentence credits. Our review of the record indicates that the district court correctly determined that the evidence submitted by Bankuthy does not establish that these inmates were similarly situated to him.

Finally, because Bankuthy failed to raise a colorable claim for relief, *see Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001), the district court did not err in declining to hold an evidentiary hearing with regard to Bankuthy's equal protection claim.

**AFFIRMED.**

07-15910