**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD L. ALLEY, | No. 09-15328 |
| Petitioner-Appellant, | D.C. No. 05-cv-01921-LKK-CMK |
| v. | |
| TOM L. CAREY, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM [*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted November 1, 2010 [**]
San Francisco, California

Before: RYMER and ALARCON, Circuit Judges, and TRAGER, [***] District

Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Petitioner-Appellant Richard Alley appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We presume the parties' familiarity with the facts and do not recount them here except as necessary to explain our decision. Because Alley's habeas petition "arises out of process issued by a State court," 28 U.S.C. § 2253(c)(1)(A), we do not have jurisdiction over this appeal until Alley obtains a certificate of appealability ("COA"), Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Alley does not request a COA, and his claims do not warrant the issuance of one sua sponte. We, therefore, dismiss the appeal for lack of jurisdiction.

When Alley filed his appeal, he was not required to obtain a COA because his habeas challenged a state administrative decision as opposed to a judicial decision. White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004), overruled by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc). Since that time, we have held that a prisoner seeking review on habeas of an administrative decision must be issued a COA before this Court has jurisdiction over the appeal. Hayward, 603 F.3d at 554. Although we may issue a COA sua sponte, id., petitioners must still meet the standard set forth in 28 U.S.C. § 2253, which provides: "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A petitioner makes

this showing by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A "general assessment," Miller-El, 537 U.S. at 336, of Alley's claims demonstrates that they are meritless. Alley's argument that he has a liberty interest in immediate release because California abrogated the authority of the Board of Prison Terms ("Board") to determine his parole eligibility is patently incorrect. See Cal. Penal Code § 3040. Although California replaced its indeterminate sentencing regime with a determinate one, some sentences, including those for Alley's conviction, remained indeterminate and, thus, subject to the Board's jurisdiction. In re Dannenberg, 104 P.3d 783, 790-91 (Cal. 2005). Therefore, Alley does not have a liberty interest, protected by federal law, in immediate release.

Alley's related assertion — that the California Department of Corrections and Rehabilitation ("Department") has wrongly denied him good time credit since 1989 — does not implicate a right protected by the Due Process Clause. Assuming Alley's argument is grounded in fact, the credit the Department denied him would only have made his minimum eligible parole date earlier. See Cal. Code Regs. tit. 15, § 2400 ("The department will determine the minimum eligible parole date. The

3

length of time a prisoner must serve prior to actual release on parole is determined by the board."). But Alley has already received at least one parole hearing, after which the Board found him unsuitable for parole,[1] and, as we have indicated, the decision whether to release him on parole is properly within the Board's purview. Therefore, to the extent Alley was denied credit, his actual sentence was unaffected. See Cal. Code Regs. tit. 15, § 2400 ("The department's decisions [regarding credit] do not affect the Board's decision concerning postconviction credit pursuant to these rules.").

Alley's equal protection claim is, likewise, meritless. Alley, like all other prisoners serving indeterminate sentences for first-degree murder, was sentenced outside California's determinate sentencing regime and is not comparable to prisoners serving determinate sentences. Dannenberg, 104 P.3d at 790-91; cf. Allen v. Woodford, 395 F.3d 979, 1018-19 (9th Cir. 2005) ("[W]e agree with the California Supreme Court that defendants sentenced under the Determinate Sentencing Law are not similarly situated to defendants sentenced in the capital system."). Finally, Alley never demonstrates what effect a 1979 memorandum

---

[1] In re Monigold, in which the California Court of Appeals held that the loss of an earlier minimum eligible parole date equitably estopped the Department from denying worktime credit, is distinguishable because the petitioner in that case had not yet received a parole hearing. 253 Cal. Rptr. 120, 121, 123 (Cal. Ct. App. 1988).

4

authored by the San Diego Deputy Attorney General had on the administration of his sentence. To the extent that this argument is really a recapitulation of his other two claims, it does not implicate a federal right and rests on incorrect interpretations of state law. Accordingly, because Alley cannot make the proper showing for a COA, see Slack, 529 U.S. at 484, we do not have jurisdiction over his appeal.

**DISMISSED.**