**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GEORGE KOGIANES; CECIL T. KINKADE, | No. 21-15152 |
| Petitioners-Appellants, | D.C. No. 2:20-cv-02186-DLR-DMF |
| v. | |
| EDWARD JENSEN; MARK BRNOVICH, Attorney General, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 19, 2021[**]

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Arizona state prisoners Michael George Kogianes and Cecil T. Kinkade

appeal pro se from the district court's orders dismissing their 28 U.S.C. § 2241

petition and denying reconsideration. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Appellants' § 2241 petition alleged due process claims challenging their parole denials and the procedures for review thereof. The district court correctly determined that, because appellants were in custody pursuant to state court judgments, they must bring habeas petitions through 28 U.S.C. § 2254, not § 2241. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Our decisions in *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004), and *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009), do not change this result because, unlike appellants, Stow and Wilson brought double jeopardy challenges to charges in pending retrials.[1] *See Wilson*, 554 F.3d at 822-24; *Stow*, 389 F.3d at 885.

The district court also correctly determined that appellants cannot pursue their request for release under the authorities they invoke. The provisions of 34 U.S.C. § 60541(g)(5)(a) and the CARES Act apply only to inmates in federal custody, and thus do not extend to appellants. The Prison Litigation Reform Act

---

[1] Insofar as a certificate of appealability is required for this claim, *see Hayward*, 603 F.3d at 554, *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 859 (2011), we treat the arguments raised in the opening brief as a request for such. *See* 9th Cir. R. 22-1(e). So treated, the request is denied because appellants have not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

21-15152

permits the release of prisoners only after procedural steps that have not been completed in this case. *See Brown v. Plata*, 563 U.S. 493, 512 (2011) (discussing requirements found in 18 U.S.C. §§ 3626(a)(3)(A)-(C)). Finally, as the district court concluded, appellants' Eighth Amendment claims must be raised in a civil rights action under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a state prisoner's claims must lie at the core of habeas corpus to be raised in habeas, and claims challenging "any other aspect of prison life" must be raised in a § 1983 action).

**AFFIRMED**.