MEMORANDUM **
While in state custody awaiting trial, Arthur Ray Deere filed a federal habeas *694 petition under 28 U.S.C. § 2241, alleging numerous violations of his constitutional rights. Section 2241(c)(3) permits federal courts to grant relief to a pretrial detainee held “in custody in violation of the Constitution.” 28 U.S.C. § 2241(c)(3); see also McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003). Deere’s petition was dismissed for failure to exhaust state remedies.
We granted a Certifícate of Appealability on the question whether a § 2241 petitioner must first exhaust his state court remedies. To the extent this question has not been decided, compare Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (emphasizing that the § 2241 petitioner “exhausted all available state court remedies for consideration of [his speedy trial] constitutional claim”), and McNeely, 336 F.3d at 826 (same), with White v. Lambert, 370 F.3d 1002, 1008 (9th Cir.2004) (“If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to ... state court exhaustion requirements.”), we decline to decide it here. Because Deere has been convicted and sentenced in state court, he is no longer a pretrial detainee but is instead “in custody pursuant to a state court judgment.” 28 U.S.C. § 2254. “[I]t is only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment) that he can resort to the Constitution ... and § 2241....” White, 370 F.3d at 1007. Deere must now proceed with his direct appeal. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983) (holding that a federal habeas petition is premature when the petitioner’s direct criminal appeal is pending in state court). Before filing a federal habeas petition under § 2254, Deere must “exhaust[] the remedies available” in state court. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Moreover, a grant of relief to Deere under the current procedural posture would violate the dictates of Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (holding that on principles of federalism and comity, federal courts should abstain from intervening in ongoing state criminal proceedings absent extraordinary circumstances).
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.