**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH CARL STANLEY,

　　　　　　　Petitioner - Appellant,

　　v.

LEROY D. BACA, Sheriff,

　　　　　　　Respondent - Appellee.

No. 13-56172

D.C. No. 2:12-cv-09569-JAK-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

　Joseph Carl Stanley appeals a district court order dismissing his pretrial

petition for a writ of habeas corpus, in which he asserted a double jeopardy claim.

The district court dismissed Stanley's petition under the abstention doctrine of

*Younger v. Harris*, 401 U.S. 37 (1971).　We have jurisdiction pursuant to 28

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291 and § 2253(c). We vacate the district court order dismissing Stanley's habeas petition, and we remand for consideration of that petition on the merits.[1]

Though the *Younger* abstention doctrine generally counsels federal courts to abstain from adjudicating challenges to criminal prosecutions pending in state courts, "federal courts will entertain pretrial habeas petitions that raise a colorable claim of double jeopardy." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). "A double jeopardy claim is colorable if it has 'some possible validity.'" *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (quoting *United States v. Price*, 314 F.3d 417, 420 (9th Cir. 2002)). Thus, if Stanley's double jeopardy claim has some possible validity, the district court erred in dismissing that claim under *Younger* abstention.

Stanley's double jeopardy claim has some possible validity. "It is long established that '[c]riminal defendants have a right to have the jury first empaneled to try them reach a verdict.'" *United States v. Bonas*, 344 F.3d 945, 947-48 (9th Cir. 2003) (alteration in original) (quoting *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990)). At Stanley's first trial, twelve jurors and four alternates had

---

[1] Pretrial habeas petitions are governed by 28 U.S.C. § 2241 rather than § 2254. *See Stow v. Murashige*, 389 F.3d 880, 882 (9th Cir. 2004).

already been empaneled and sworn when the state trial court declared a mistrial.

Thus, the Double Jeopardy Clause barred Stanley's retrial unless the state trial

court's declaration of mistrial was supported by manifest necessity or the

defendant's consent, either express or implied. *See United States v. You*, 382 F.3d

958, 964 (9th Cir. 2004).[2] Mistrial was not supported by manifest necessity or

express consent, and on the present record we are unable to determine whether

mistrial was supported by implied consent.

Mistrial was not supported by manifest necessity. "Once the jury is

empaneled and sworn . . . . even severe hardship may not be sufficient to justify

excusing an empaneled juror, particularly if doing so will result in a mistrial."

*Bonas*, 344 F.3d at 950. "The defendant's right to proceed to verdict with the jury

first selected can only be set aside if the [trial] judge reasonably concludes that the

hardship is so severe that it fatally undermines the juror's ability to discharge his

responsibilities diligently and impartially." *Id*. In this case, there is no evidence

that the state trial court concluded that jurors' asserted hardships had fatally

undermined their ability to discharge their responsibilities diligently and

impartially. No such conclusion would have been reasonable. On the contrary,

---

[2] Despite Respondent's contrary suggestion at oral argument, manifest necessity and consent are two separate and independent inquiries. *See, e.g.*, *Bates*, 917 F.2d at 392.

even if the state trial court was justified in excusing four jurors, that court was still left with twelve jurors sworn to serve diligently and impartially, who were ready to proceed to trial on November 9, 2011—just two days later.

Because mistrial was unsupported by manifest necessity, and because there is no indication that Stanley expressly consented to a mistrial, the Double Jeopardy Clause barred Stanley's retrial unless mistrial was supported by implied consent. On the present record, we are unable to determine whether mistrial was supported by implied consent. For example, it is unclear how much time passed between the dismissal of the jury and the declaration of mistrial, whether the jury could have been recalled had an objection been lodged immediately upon declaration of mistrial, and whether defense counsel heard the state trial court refer to an agreement that trial would not go forward without at least one alternate juror. On remand, the district court should determine whether "the circumstances positively indicate [Stanley's] willingness to acquiesce in the mistrial order." *Weston v. Kernan*, 50 F.3d 633, 637 (9th Cir. 1995) (citation and internal quotation marks omitted).

We VACATE the district court order dismissing Stanley's habeas petition, and REMAND for the district court to determine, after a hearing, whether mistrial was supported by implied consent. Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**