Joseph Carl STANLEY, Petitioner

v.

Leroy D. BACA, Respondent.

Case No. CV 12-9569-JAK (GJS)

United States District Court,
C.D. California.

Signed September 15, 2015

Thomas S. Moore, John Hamilton Scott, Los Angeles, CA, for Petitioner.

Xiomara Costello, Kenneth C. Byrne, William Norton Frank, CAAG–Office of Attorney General, Assistant U.S. Attorney LA–CV, Beth L. Widmark, Dorothy Kim, AUSA–Office of U.S. Attorney, Matthew Aaron Brown, Scott Douglas Collins, LA District Attorneys Office, Serena R. Murillo, Los Angeles, CA, for Respondent.

## ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE.

JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all other documents filed in this action, Respondent's Motion For Review Of Magistrate Judge's Order filed on March 5, 2015 ("Motion") and all related briefing by the parties, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. The Court has conducted a de novo review of those matters to which Petitioner has stated Objections.

The Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Motion is GRANTED; (2) the Magistrate Judge's Order of February 19, 2015 is VACATED; (3) the Petition is recharacterized as one falling under 28 U.S.C. § 2254; and (4) within thirty (30) days of this Order, Petitioner shall file a response advising how he wishes to proceed, including whether he wishes to proceed solely with his existing double jeopardy claim or have this action stayed while he exhausts any additional claims arising from his intervening conviction.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

GAIL J. STANDISH, United States Magistrate Judge

This Report and Recommendation is submitted to the Honorable John A. Kronstadt, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05–07 of the United States District Court for the Central District of California.

## INTRODUCTION

Presently before the Court is Respondent's "Motion For Review Of Magistrate Judge's Order ...," which was filed on March 5, 2015 [Dkt. 78] (the "Motion"). On March 10, 2015, District Judge Kronstadt referred the Motion for the issuance of a Report and Recommendation. On April 28, 2015, Petitioner filed his Opposition to the Motion. On May 4, 2015, Respondent filed his Reply. Accordingly, the Motion is fully briefed and ready for decision.

## BACKGROUND

This case has a complicated procedural history. The Court recounts much of it here to aid in the consideration of the Motion.[1]

In 2011, Petitioner was in trial in the Los Angeles County Superior Court, until a mistrial was declared on November 7, 2011. (Petition at 2.) As recounted by the California Court of Appeal, the mistrial occurred as follows:

Very shortly after the jury and four alternates were sworn in a double-murder case, a number of jurors asserted reasons why they needed to be excused from service. One juror revealed a previously undisclosed bias, and was dismissed. An alternate juror revealed a previously undisclosed child care obligation, and was dismissed at the request of the defendant. Another juror's fiancée had broken her ankle and required the juror's constant attention. The record does not reflect whether this juror was actually dismissed, but it appears that the trial court and counsel assumed that he had been excused. A fourth juror asserted that he had contracted contagious conjunctivitis (pinkeye) and was under doctor's orders to stay home

for two days. The trial court posited the question as to whether it should wait for this juror to get well, and a discussion was held with counsel. Both the prosecutor and the trial court believed that the result of the conversation was an agreement that the trial would not proceed unless there was *at least* one alternate. As a single alternate would be preserved if the trial were continued in order to retain the juror with pinkeye, the trial court proposed to counsel that it would ask the remaining jurors if they all would still be able to serve if the commencement of the trial were delayed for two days. The trial court expressed the view that if any other jurors asserted an inability to serve if the trial were continued, the court would grant a mistrial and dismiss the jury. Hearing no objection, the trial court proceeded with that course of action. A fifth juror then expressed concern, stating that he had "had a heart attack." The trial court held another conference with counsel and, relying on what it believed to be the agreement it had previously reached with counsel, and hearing no objection, dismissed the jury and declared a mistrial. A new trial date was set.

*Stanley v. Superior Court,* 206 Cal.App.4th 265, 269, 141 Cal.Rptr.3d 675 (2012).

Before the new trial commenced, Petitioner moved to dismiss the state criminal case based upon a double jeopardy objection. The trial court denied the motion after finding that defense counsel had impliedly consented to the dismissal of the jury and resulting mistrial. *Stanley,* 206 Cal.App.4th at 270, 141 Cal.Rptr.3d 675. Petitioner filed a petition for a writ of prohibition in the California Court of Appeal. That petition was denied in a May

---

**1.** This case was referred to two prior United States Magistrate Judges before being referred to the undersigned on April 13, 2015.

The Motion challenges a ruling made by the second United States Magistrate Judge to whom this case previously was referred.

22, 2012 reasoned decision, in which the state appellate court concluded that the trial court's finding of implied consent was factually and legally justified. *Id.* at 278–294, 141 Cal.Rptr.3d 675. The California Supreme Court denied review on September 12, 2012. (Petition at 4.)

On November 8, 2012, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2241 ("Petition"). The sole named Respondent was (and remains at present) Lee Baca, the former Sheriff for Los Angeles County. The Petition alleges a single claim, *to wit,* that "Petitioner is being prosecuted in violation of his right against double jeopardy." (Petition at 5.) As supporting facts, the Petition alleges that: the above-described mistrial "was declared without legal necessity and without consent"; and "[f]urther proceedings on the charges are barred by the Fifth Amendment to the United States Constitution." (*Id.*)

Respondent moved to dismiss the Petition pursuant to the *Younger* abstention doctrine.[2] On January 30, 2013, Petitioner filed a request to stay his trial. On March 21, 2013, the first Magistrate Judge to whom this case was referred issued a Report and Recommendation with respect to the motion to dismiss, in which he concluded that review was not barred by the *Younger* abstention doctrine but habeas relief was not warranted based on Petitioner's double jeopardy claim. On April 5, 2013, District Judge Kronstadt issued an Order that denied Petitioner's stay request. On April 10, 2013, after a second referral, the second Magistrate Judge vacated the prior Report and Recommendation and directed further briefing on the motion to dismiss. Following the conclusion of briefing, on June 7, 2013, the Magistrate Judge issued a Report and Recommendation, in which he concluded that: *Younger* abstention was warranted; no ex-

ception to the doctrine applied, because the Petition does not present a "colorable" double jeopardy claim; and the motion to dismiss should be granted. On June 25, 2013, District Judge Kronstadt accepted the Report and Recommendation and denied and dismissed the Petition, and thereafter, Judgment was entered dismissing this case.

Petitioner appealed, and the United States Court of Appeals for the Ninth Circuit granted a certificate of appealability on the following issue: "whether the district court properly dismissed appellant's 28 U.S.C. § 2241petition pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), on the basis that the double jeopardy claim is not colorable." The Ninth Circuit denied Petitioner's request to stay his trial, indicating that the denial was without prejudice to Petitioner renewing his request before the state trial court. (Case No. 13–56172, Order of July 8, 2013.)

Petitioner's second trial proceeded and he was convicted on November 9, 2013. He appealed his conviction.

While Petitioner's state appeal of his conviction was pending, his Ninth Circuit appeal proceeded with briefing and oral argument. On February 19, 2014, the Ninth Circuit issued an Order in which it concluded that: for purposes of the *Younger* abstention issue before it, Petitioner's double jeopardy claim "has some possible validity," and thus, abstention might not be warranted because retrial may be barred by the Double Jeopardy Clause; but that under the present record, it could not determine "whether mistrial was supported by implied consent," and thus, retrial might be permitted and abstention would be unwarranted. The Ninth Circuit vacated the dismissal of the Petition and re-

---

**2.** See *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

manded the case "for the district court to determine, after a hearing, whether mistrial was supported by implied consent." *Stanley v. Baca,* 555 Fed.Appx. 707, 708–09 (9th Cir.2014) ("Remand Order"). The parties have represented that the Ninth Circuit panel was aware of the fact of Petitioner's second trial and conviction. The Remand Order, however, did not mention or acknowledge this fact. The mandate issued on May 22, 2014.

On June 16, 2014, the Magistrate Judge scheduled an evidentiary hearing for September 11, 2014. On August 8, 2014, Respondent filed a motion asking the Court to depart from the Ninth Circuit's mandate ("Prior Motion"). Respondent argued, *inter alia,* that: Section 2241 no longer governs Petitioner's claim due to his change in status from pretrial detainee to a prisoner in custody pursuant to a state court conviction; his claim now is governed by 28 U.S.C. § 2254; the Court should not hold an evidentiary hearing until the issue of whether Section 2241 or Section 2254 governs the double jeopardy claim alleged in the Petition is resolved and briefing occurs pursuant to the appropriate standard; and the Petition should be dismissed without prejudice or be deemed to constitute a Section 2254 petition. On February 19, 2015, the Magistrate Judge denied the Prior Motion, concluding that Section 2241 is the proper vehicle for Petitioner's double jeopardy challenge, because he was a pretrial detainee when he filed the Petition ("February 19 Order"). (Dkt. 76, relying on *Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir. 2004).) Respondent thereafter filed the instant Motion.

3. Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice of the electronic dockets for the California Court of Appeal, which are available at http://appellatecases.courtinfo.ca.gov.

While these events ensued in the federal courts, Petitioner's state appeal of his conviction continued. As of January 8, 2015, his appeal was fully briefed in the California Court of Appeal (Case No. B252979). However, on April 29, 2015, the California Court of Appeal issued an Order in which it stated that it was considering deferring consideration of the appeal due to the pendency of this federal habeas action, and the state appellate court directed the filing of letter briefs. Following such briefing, on May 13, 2015, the California Court of Appeal issued an Order in which it deferred consideration of Petitioner's appeal of his conviction pending the entry of judgment in this case.[3]

## DISCUSSION

By the Motion, Respondent asks the District Judge to find that the February 19 Order—which denied the Prior Motion and found that Section 2241 governs this case—was clearly erroneous. Having reviewed the matter carefully pursuant to the District Judge's referral, the Court recommends that the February 19 Order be reconsidered and vacated, for the following reasons.

### The Jurisdictional Question

■ 28 U.S.C. § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey,* 533 F.3d 724, 735 (9th Cir.2008) (en banc) (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir.2004)[4]). Section 2241 provides the authority for granting habeas

4. A portion of the *White* decision—holding that a certificate of appealability is not required when a prisoner challenges an administrative decision regarding the execution of his sentence—was overruled by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir.2010). The remainder of *White* remains precedential.

relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *White*, 370 F.3d at 1006; *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir.2004) (Section 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone in a criminal trial or awaiting extradition); *McNeely v. Blanas*, 336 F.3d 822, 824 & n. 1 (9th Cir.2003) (allowing a California pretrial detainee asserting a speedy trial claim to proceed under Section 2241).

■ In contrast, when a prisoner is in custody pursuant to a state court judgment, Section 2254 constitutes his only habeas remedy for any challenge to his detention, regardless of the nature of such a challenge. *White*, 370 F.3d at 1009–10 (holding that Section 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state). "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *Id.* Section 2254 implements Section 2241's general grant of habeas authority with respect to persons in custody pursuant to state court judgments and serves "as a limitation on that general grant of habeas authority" by placing certain conditions on the availability of habeas relief. *Id.* at 1006–08

■ "28 U.S.C. § 2241 and 28 U.S.C. § 2254 cover separate situations." *White*, 370 F.3d at 1008. A federal court faced with a habeas petition must conduct "a 'status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge.' " *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir.2004) (citation omitted).

"[I]t is only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment) that he can resort to the Constitution, Article I, Section 9, Clause 2, and § 2241 (to the extent it is different than the Great Writ protected by the Constitution)." *White*, 370 F.3d at 1007; *see also id.* (" 'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case' ") (citation omitted).

When the Petition was filed, Section 2241 served as the only source of habeas jurisdiction over Petitioner's double jeopardy claim, because Petitioner was not in custody pursuant to a state court judgment and was, instead, a pretrial detainee seeking to prevent his second trial. That retrial ensued, Petitioner was convicted on November 9, 2013, and he was placed in the custody of California correctional authorities. Thus, since November 9, 2013, Petitioner actually has been in custody pursuant to his state court conviction—a status that implicates Section 2254. Unquestionably, had the Petition been filed after November 9, 2013, no one would argue that Section 2241 is the governing source of habeas authority. This begs the question, therefore, of whether the fact that Petitioner filed his habeas petition before November 9, 2013 is, on its own, dispositive of the source of this Court's habeas jurisdiction to review a convicted state prisoner's habeas claim. Put otherwise, did the change in Petitioner's status—from pretrial detainee to convicted state prisoner—before his claim is resolved on its merits affect the jurisdictional basis for habeas relief in this case?

Respondent argues that this change in Petitioner's status mandates finding that Section 2254 governs this case. Respondent notes that the Petition, as filed,

sought only to bar Petitioner's retrial through a grant of habeas relief under Section 2241—relief this Court no longer can grant given Petitioner's intervening November 2013 conviction. Respondent argues that recent Ninth Circuit decisions establish that a Section 2241 claim seeking to prevent a retrial on double jeopardy grounds is rendered moot by an intervening conviction, and that in such a situation, Section 2254, by its own terms, applies to govern the claim. Respondent contends that to decline to apply Section 2254 and to instead conduct de novo review under Section 2241, when a state court decision exists that has adjudicated the merits of the original habeas claim filed by Petitioner, would disregard AEDPA and be contrary to Ninth Circuit precedent. In addition, Respondent asserts that applying Section 2254 would not constitute a disregard of the Ninth Circuit's Remand Order in this case, because the Ninth Circuit did not decide which jurisdictional predicate—Section 2241 or Section 2254—governs this action.

Petitioner contends that the fact of his November 2013 conviction should be disregarded for jurisdictional purposes. Relying on *White* and *Stow*, Petitioner argues that his status at the time the Petition was filed controls the jurisdictional issue, not his status at the time any relief to be granted would be considered and be ordered. In addition, Petitioner asserts that the Remand Order constitutes a ruling that Section 2241 governs this case notwithstanding Petitioner's conviction, because the Ninth Circuit directed that a hearing take place "for the district court to determine . . . whether mistrial was supported by implied consent." Petitioner argues that, because the Ninth Circuit was aware of Petitioner's conviction yet failed to reference Section 2241 in its Remand Order, the Ninth Circuit necessarily concluded that Section 2241 remains the governing jurisdictional basis over this case

*ad infinitum,* not Section 2254. Petitioner asserts that, if the Court were to find that Section 2254 is the operational jurisdictional predicate for federal habeas consideration of his double jeopardy claim and that an evidentiary hearing thus may be foreclosed, the Court will have thwarted the Ninth Circuit's intent that Petitioner's double jeopardy claim be resolved only after an evidentiary hearing occurs, as well as its determination that this case should be resolved pursuant to Section 2241.

## Petitioner's Changed Status Does Affect The Jurisdictional Basis For Relief

■ Petitioner is correct that, generally, a petitioner's status at the time he files his habeas petition is the relevant fact for jurisdiction and venue purposes. Thus, for example, when a petitioner who has filed a Section 2241 petition in his district of incarceration is transferred to prison in another circuit, the original district maintains Section 2241 jurisdiction over the petition, notwithstanding the rule that a Section 2241 petition should be heard in the district in which the petitioner presently is confined because that district has personal jurisdiction over the current warden. *See, e.g., Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990). Similarly, a petitioner's post-petition filing release from custody generally will not deprive the court of habeas jurisdiction. *Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir.2005). The general proposition that jurisdiction is determined at the time of filing is not, however, a rule so fixed in stone that changed circumstances are of no consequence.

Petitioner's reliance on *White* and *Stow* for the proposition that jurisdiction is fixed in perpetuity based on a petitioner's status at the time he first seeks federal habeas

relief is misplaced, as neither case involved post-petition filing changed circumstances. In *White*, petitioner White's status remained the same throughout his habeas action, *i.e.*, a person in custody pursuant to a state court judgment. Given that unchanging status, White's only jurisdictional basis for seeking habeas relief was Section 2254 regardless of the nature of the relief. *White*, 370 F.3d at 1004, 1007. In *Stow*, after the reversal of Stow's first degree murder conviction, the State proceeded with plans to retry him on attempted second degree murder charges despite the original jury's "Not Guilty" verdicts on such charges. Stow filed a Section 2254 petition seeking to bar his retrial on the ground of double jeopardy, and the district court granted relief and ordered Stow released from custody. On appeal, the Ninth Circuit affirmed the grant of relief after finding that Stow's impending retrial would violate double jeopardy, but concluded that Section 2241, rather than Section 2254, was the basis for habeas relief, because Stow had not yet been retried and convicted and, thus, was not a person in custody pursuant to a state court judgment. 389 F.3d at 885–892. The Ninth Circuit, in *Stow*, did not address what effect an intervening conviction following retrial would have had on the jurisdictional issue, because unlike here, no retrial occurred and Stow remained a pretrial detainee throughout the life of the case.

In contrast to the situations in *Stow* and *White*, which did not involve a petitioner's change in status from pretrial detainee to convicted defendant, federal courts in the Ninth Circuit have recognized that a pretrial detainee's change in status during federal habeas litigation can alter the stat-

utory basis for habeas review. In *Deere v. Superior Court*, 330 Fed.Appx. 693 (9th Cir.2009), while Deere was in custody awaiting trial, he filed a Section 2241 habeas petition that challenged the legality of his pre-trial detention.[5] The district court dismissed his petition for failure to comply with the prudential exhaustion requirement for Section 2241 cases, and Deere appealed. The Ninth Circuit found it unnecessary to resolve the question of whether a pretrial detainee who seeks Section 2241 relief must first exhaust his state remedies, because Deere had been tried and convicted in state court in the interim and, thus, no longer was a pretrial detainee. As a result, his request for habeas relief now was governed by Section 2254, including its statutory exhaustion requirement, which had not been satisfied. Citing *White*, the Ninth Circuit reiterated that a petitioner may resort to Section 2241 *only* when he is not a person in custody pursuant to a state court judgment and, thus, does not qualify for relief under Section 2254. *Id.* at 694. In short, as the Ninth Circuit made clear in *Deere*, when Section 2254 is an available habeas remedy because a state court judgment exists, Section 2241 cannot be invoked.

More recently, in *O'Keefe v. Gillespie*, 593 Fed.Appx. 626 (9th Cir.2015), O'Keefe filed a Section 2241 petition alleging that the Double Jeopardy Clause precluded his upcoming retrial. As in *Deere*, the district court dismissed the petition for failure to satisfy the prudential exhaustion requirement and O'Keefe appealed.[6] In the interim between the filing of the Section 2241 petition and the Ninth Circuit's consideration of O'Keefe's appeal, he was retried

---

5. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets and case files in the district court cases underlying the Ninth Circuit's decision, *i.e.*, Case Nos. EDCV 07–00039–R (CW), and EDCV 0801009–R (CW).

6. The Court has taken judicial notice of the docket and case files in the underlying district court action, Case No. 2:11–cv–02109–GMN–VCF.

and convicted. The Ninth Circuit dismissed the appeal as moot due to the intervening conviction, because the relief sought—preventing retrial—was no longer available. The Ninth Circuit stated that the dismissal was without prejudice to O'Keefe raising his claims in a properly filed Section 2254 petition. *Id.* at 626–27. The Ninth Circuit, thus, recognized that, due to the change in O'Keefe's status to a person in custody under a state court judgment, Section 2241 no longer applied and his claims were cognizable only under Section 2254.

In *Yahn v. King*, No. C–13–855–EMC (pr), 2015 WL 1814313 (N.D.Cal. April 21, 2015), Yahn filed a Section 2241 petition challenging his pending civil commitment proceedings. While the petition was pending, Yahn was civilly committed. The Northern District concluded that the petition should be recharacterized as one governed by Section 2254, opining that in the event a habeas petitioner entitled to initially proceed under Section 2241 thereafter becomes a person in custody pursuant to the judgment of a state court, "the proper approach is to recharacterize the petition" as one governed by Section 2254. *Id* at *1 (relying on *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir.2008) [7]). The Northern District rejected the argument made by Petitioner here, *i.e.*, that "the prisoner's status at the time of filing is all that matters for selecting the jurisdictional basis for the habeas petition."

The Northern District found that *Stow* and other Section 2241 cases were "factually distinguishable," because in those cases, the petitioners remained pretrial detainees until the time of adjudication and, thus, never were in custody pursuant to a state court judgment, unlike the petitioner in *Yahn*, who suffered a state court judgment of commitment before adjudication. *Id.* at *2. *See also Castillo–Alvarez v. Hawkinson*, No. 10–4187 (PAM/JJG), 2011 WL 3798585, *1–*2 (D.Minn. Aug. 25, 2011) (similarly recharacterizing a Section 2241 petition brought by pretrial detainee awaiting trial as a Section 2254 petition once he was tried and convicted).

■ Deere, O'Keefe, and Yahn demonstrate the circumstances under which a pretrial detainee's change in status to convicted state prisoner during the pendency of his Section 2241 case will require that his habeas petition be considered under Section 2254 rather than Section 2241. Those same circumstances are present here. The sole relief requested by the Petition is an order, pursuant to the Section 2241 jurisdiction available to a pretrial detainee, preventing his then pending retrial from proceeding. Retrial has occurred and Petitioner has been convicted. A state pretrial detainee is permitted to sue under Section 2241 only because the Section 2254 remedy is not available to him. Petitioner's November 2013 state court conviction has rendered him "a per-

---

7. In *Yellowbear*, the petitioner filed a Section 2241 petition while awaiting trial, and he alleged that the state court lacked jurisdiction over him. The district court dismissed the case pursuant to the *Younger* abstention doctrine, directing that, if the petitioner were convicted, he should exhaust his claims and then file a Section 2254 petition. The petitioner was convicted and then appealed the district court's dismissal order. 525 F.3d at 923. The Tenth Circuit observed that the lack of jurisdiction claim made by the petitioner was an important one that he had diligently endeavored to raise in federal court on a pro se basis, and thus, rather than simply dismissing the Section 2241 petition as moot due to his intervening conviction, the petition should be recharacterized as a Section 2254 petition and so treated on remand. *Id.* The Tenth Circuit noted, however, that given the second or successive petition limitation that now would apply, on remand, the petitioner should be allowed to decide if he wished to proceed with the action as a recharacterized Section 2254 case. *Id.* at 924–25.

son in custody pursuant to the judgment of a State court" able to utilize the Section 2254 remedy. As a result, Section 2254 is Petitioner's "exclusive" remedy for the Court's consideration of his double jeopardy claim. *White*, 370 F.3d at 1009–10. As the sole issue before the Court now on federal habeas review is whether Petitioner's *conviction* violates the Double Jeopardy Clause, that issue may be considered and resolved only under Section 2254.

### Recharacterizing The Petition Under Section 2254 Does Not Violate The Remand Order

Petitioner contends that recharacterizing the Petition to fall under Section 2254 would violate the "rule of mandate," because the Ninth Circuit's Remand Order requires that the Petition be considered under Section 2241. Petitioner argues that, because the Ninth Circuit allegedly knew of Petitioner's intervening November 2013 conviction, its inclusion of a an evidentiary hearing requirement in the Remand Order means that it ruled out Section 2254 as a basis for federal habeas jurisdiction and determined that Section 2241 governs this case in perpetuity.

Under the rule of mandate doctrine, "lower courts are obliged to execute the terms of a mandate." *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). "At the same time, the rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir.2012); *see also Kellington*, 217 F.3d at 1092 (lower courts "are free as to 'anything not foreclosed by the mandate'"; citation omitted). In addition, "under certain circumstances, '[a]n order issued after remand may deviate from the mandate ... if it is not counter to the spirit of the circuit court's decision.'" *Id.* (citation omitted).

For example, in *Hall*, based upon a finding of collateral estoppel, the district court granted the defendants summary judgment on Hall's civil rights claim brought under "prong (2)" of *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir.2001) (*en banc*). On appeal, the Ninth Circuit reversed and remanded, finding that the district court, through its collateral estoppel finding, erred in precluding Hall from proceeding under *Devereaux*'s second prong. On remand, the district court considered Hall's claim and found that it was not cognizable under *Devereaux*'s second prong. *Hall*, 697 F.3d at 1066–67. In the second appeal, the Ninth Circuit rejected Hall's argument that the district court violated the rule of mandate by proceeding to find Hall's *Devereaux* prong (2) claim not cognizable. The Ninth Circuit observed that: neither it (in its remand order) nor the district court (in its original collateral estoppel decision) actually had considered the applicability of *Devereaux*'s second prong to Hall's claim; and the remand order did not impose clear limits on the scope of the remand. *Id.* at 1067. "Moreover, when a court is confronted with issues that the remanding court never considered, the 'mandate[ ] require[s] respect for what the higher court decided, not for what it did *not* decide.'" *Id.* (citation omitted).

In *Kellington*, the district court granted defendant's motion for a judgment of acquittal, finding the evidence to be insufficient, and denied his motion for a new trial as moot. The government appealed and the Ninth Circuit reversed, finding the evidence to be sufficient, and remanded for the entry of judgment and sentencing. On remand, defendant renewed his motion for a new trial and the district court reinstated and granted the motion, finding that it had committed plain error in two respects (related to expert testimony and precluding defense argument). 217 F.3d at 1091–

92. The government appealed, arguing that the district court violated the rule of mandate by reinstating the motion for a new trial. The Ninth Circuit disagreed, finding that only the judgment of acquittal had been before it in the prior appeal, not the motion for a new trial. Moreover, there was no basis for implying that the Ninth Circuit's reversal of the judgment of acquittal resolved the motion for new trial, because the two motions are resolvable under different standards of review. The Ninth Circuit found, therefore, that the district court did not exceed its authority on remand in considering the motion for new trial. *Id.* at 1095.

. █ As in *Hall* and *Kellington*, the Ninth Circuit's Remand Order did not resolve the issue before the Court now. When Petitioner appealed the June 25, 2013 dismissal of this action pursuant to the *Younger* abstention doctrine, the *only* issue that the Ninth Circuit certified for appeal was: "whether the district court properly dismissed appellant's 28 U.S.C. § 2241petition pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), on the basis that the double jeopardy claim is not colorable." In its Remand Order, the Ninth Circuit twice made plain that it was ruling with respect to a "pretrial petition" dismissed under *Younger* on the basis that the double jeopardy claim alleged was not colorable for *Younger* purposes. *Stanley,* 555 Fed.Appx. at 707, 708 n. 1. The Ninth Circuit found that, for the purposes of *Younger* abstention: a double jeopardy claim brought by a pretrial detainee is colorable if it "has some possible validity"; double jeopardy barred Petitioner's retrial unless the mistrial declared by the trial court was supported by manifest necessity or Petitioner's consent, express or implied; Petitioner's claim had some possible validity, because the record precluded finding either manifest necessity or express consent; and nonetheless, the Ninth Circuit

could not determine whether Petitioner's retrial was barred by the Double Jeopardy Clause, and thus whether abstention was warranted or not, because the record was insufficient to establish whether mistrial was supported by implied consent. Accordingly, the Ninth Circuit's Remand Order directed a determination, after a hearing, on the implied consent question. *Id.* at 708–09.

Petitioner's appeal involved only the propriety of *Younger* abstention, and the Remand Order addressed that question alone. The Remand Order did not mention Petitioner's conviction upon retrial, because the only issue before the Ninth Circuit was whether the district court's decision to abstain under *Younger* based upon the lack of a colorable claim, and its attendant failure to bar Petitioner's retrial, was error or not. That *Younger* issue has been mooted by Petitioner's retrial and conviction. The Ninth Circuit was not asked, nor was there any reason for it to, consider or resolve the current jurisdictional question prompted by Petitioner's retrial and conviction, *i.e.,* whether Section 2241 or Section 2254 governs this case on a going forward basis. Construing the Remand Order to constitute a purported ruling that Section 2254 does not apply in this case, as Petitioner does, is a strained and illogical interpretation given the context of the Ninth Circuit's decision, and moreover, would require the Court to conclude that the Ninth Circuit determined both to ignore *White* and to render an affirmative jurisdictional determination by neither acknowledging nor addressing the jurisdictional issue. The Court is not inclined to find that the Ninth Circuit rendered a jurisdictional decision by omission and in a manner contrary to Ninth Circuit precedent. As the Ninth Circuit cautioned in *Hall,* the rule of mandate requires respect for what the circuit court actually decided, not for what the circuit court did *not* de-

cide. 697 F.3d at 1067. As in *Hall* and *Kellington*, the scope of the remand in this case does not foreclose the Court from considering and resolving the instant jurisdictional question.

### The Effect Of Recharacterizing The Petition

Recharacterizing the Petition as a Section 2254 petition carries certain consequences above and beyond the applicable standard of review. For instance, Section 2254 contains statutory exhaustion and timeliness requirements. 28 U.S.C. §§ 2244(d) & 2254(b). In addition, Section 2254 petitions are subject to the second or successive petition limitations set forth in 28 U.S.C. § 2244(b).

As noted above, Petitioner's direct appeal of the November 2013 conviction is pending, although the California Court of Appeal has deferred further action pending the resolution of this case. The Court does not know what claim(s) Petitioner has raised in his pending state appeal, including whether or not he has asserted other claims besides his double jeopardy claim. To the extent that Petitioner has asserted additional claims in his state appeal, if the Court proceeds with its consideration of the sole double jeopardy claim alleged in the Petition, it is likely that, by operation of Section 2244(b), Petitioner could find himself precluded from seeking federal habeas relief with respect to any such additional claims exhausted through his direct appeal once they were raised in a second Section 2254 petition.[8]

Accordingly, if the District Judge accepts this Report and Recommendation

and recharacterizes the Petition as one under Section 2254, Petitioner should be afforded the opportunity to determine whether he wishes to proceed with the instant Petition under Section 2254. Petitioner, of course, has the option of dismissing the Petition without prejudice to refiling a new Section 2254 petition containing all of his habeas claims upon the exhaustion of such claims.[9] In addition, Petitioner may be able to request a stay of the Petition pending the exhaustion of his additional claims.

\* \* \* \* \*

For reasons set forth above, the Court concludes that reconsideration of the February 19 Order is warranted. The Court recommends that the Motion be granted.

### RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Report and Recommendation; (2) granting the Motion; (3) directing that the Petition be recharacterized as a Section 2254 habeas petition; and (4) directing that Petitioner, within thirty (30) days, advise whether he wishes to proceed with the Petition under Section 2254 and, if so, how he wishes to proceed.

---

8. Respondent has not asserted that the double jeopardy claim alleged in the Petition has been rendered unexhausted by reason of the November 2013 conviction and Petitioner's subsequent, pending appeal. Thus, the Court assumes that Respondent does not intend to assert an exhaustion defense to the existing double jeopardy claim.

9. Under Section 2254, Petitioner's limitations period has not yet commenced running with respect to any claims stemming from, and challenging, his November 2013 conviction. *See* 28 U.S.C. § 2244(d)(1)(A).